**Kathleen M. SITTON, Appellee,**

v.

**Michael Coke FINLEY, Patrick Michael Finley, and Odell Stacey, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 6, 1987.

Petition to Appeal Denied by Supreme Court on Dec. 28, 1987.

---

**934**

Rodger N. Bowman, Bowman, Watson & Atkins, Clarksville, for appellee.

John J. Hestle, Clarksville, for appellants.

## OPINION

BEN H. CANTRELL, Special Judge, Sitting by Designation.

The defendant in this case was cited for criminal contempt and jailed for the violation of a restraining order. Although the action arose out of a domestic dispute and the appeal was directed to this Court, we have determined that the jurisdiction over the appeal lies in the Court of Criminal Appeals, T.C.A. § 16–5–108(a)(3), and we have accordingly transferred the appeal to that Court. The Chief Justice designated the panel of the Court of Appeals that heard the argument to dispose of the appeal.

On November 26, 1986, Kathleen M. Sitton filed an action in the Circuit Court of Montgomery County against her ex-husband, Patrick M. Finley, and others, alleging various acts of harassment and intimidation over a period of several months. These acts included several acts of vandalism by unknown persons, after which Mr. Finley would be seen driving up and down the streets around Ms. Sitton's home and place of business, or simply parked in the vicinity watching Ms. Sitton's property so that she would be aware of his presence. Based on the allegations in the complaint Ms. Sitton obtained an ex parte restraining order prohibiting the defendants from using certain sections of Franklin, Childers, Hiter, and Commerce Streets in the City of Clarksville for the purpose of harassing, intimidating, or disturbing her. The restraining order was served on Mr. Finley at 9:15 a.m. on the same day.

At 7:15 p.m. on that day, Ms. Sitton filed a petition alleging a violation of the restraining order at approximately 5:10 p.m. and praying for an attachment of the body of Mr. Finley for his contempt. The circuit judge signed the writ of attachment commanding the Sheriff of Montgomery County to attach the body of the defendant and bring him before the court on December 11, 1986 to answer the charge of contempt.

On December 10, 1986, counsel for both parties appeared before the circuit judge and agreed to a continuance of the hearing on the contempt petition.

On December 12, 1986, Ms. Sitton filed a second petition for contempt alleging violations of the restraining order on December 5 and December 11, 1986.

After a hearing on January 12, 1987, the circuit judge found as follows:

7. That on December 11, 1986, PATRICK MICHAEL FINLEY was not in

the area solely for the purposes of having someone look at his apartments, but that he was specifically there for the purposes of harassing or attempting to intimidate the Plaintiff.

\* \* \* \* \* \*

9. That on December 11, 1986, PATRICK MICHAEL FINLEY intended to and did violate the Restraining Order heretofore issued by this Court.

■ There can be no doubt that the contempt involved here is criminal contempt. *See Crabtree v. Crabtree*, 716 S.W.2d 923 (Tenn.App.1986) and the cases cited therein. The sentence imposed on the appellant was in no way conditional and was intended as punishment for his past actions. Since a criminal contempt is also a crime in the ordinary sense we will review the case under the rules governing criminal appeals.

The only issue raised on appeal is the sufficiency of the evidence to support the finding of the trial judge. This issue is governed by the provisions of Rule 13(e), Tenn.R.App.P. which states: "Findings of guilt in criminal actions whether by the trial court or by a jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."

The court found that Mr. Finley had violated the restraining order by being in the prohibited area for the purpose of harassing and intimidating Ms. Sitton. Mr. Finley does not contest the fact that he was in the prohibited area. He claims that he was there for the legitimate purpose of attending to the real property he managed in the area and showing the property to a contractor who was to do some work for him.

■ We think the evidence is sufficient to show beyond a reasonable doubt that Mr. Finley was guilty of violating the restraining order. He knew that because of the trouble he and Ms. Sitton had had in the past, and the numerous acts of vandalism that had occurred in the vicinity, Ms. Sitton was afraid of him and considered him a threat to her. The record is clear that before the restraining order was issued he parked his vehicle in front of her shop and drove around the building where her shop and home were located knowing that such behavior frightened and upset her.

Thus, on the 11th of December when he drove up and down the streets included in the restraining order and parked in a parking lot a half block away for a long period of time with the front of his automobile facing her business, the conclusion is inescapable that he was there for the purpose of harassing and intimidating Ms. Sitton.

His excuse for his behavior was simply not credible to the trial judge. In a criminal case the question of credibility is exclusively for the jury, *Forbes v. State*, 559 S.W.2d 318 (Tenn.1977); *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150 (1965), and in a case tried without a jury the findings of the trial judge are entitled to the same weight. *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978); *Owens v. State*, 561 S.W.2d 167 (Tenn.Cr.App.1977). From a consideration of the entire record we do not think the evidence preponderates against the trial judge's action.

We affirm the judgment of the court below. The cause is remanded to the Circuit Court of Montgomery County for the execution of its judgment and for any further necessary proceedings. Tax the costs on appeal to the appellant.

HENRY F. TODD, Special Presiding Judge, and SAMUEL L. LEWIS, Special Judge, Sitting by Designation, concur.